# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SETH NAVRATIL<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MENARD, INC.<br><br>　　　　　Defendant. | **CASE NO. 8:19-CV-00009**<br><br>**STIPULATED PROTECTIVE ORDER** |

This matter is before the Court on the parties' Unopposed Motion for Protective Order. ([Filing No. 15](#).) The motion is granted. Accordingly,

IT IS ORDERED as follows:

The discovery procedures in this case may require disclosure of information, either documentary or testimonial or both, constituting confidential information incorporating proprietary data, know-how, trade secrets, or other valuable commercial information. Accordingly, the parties to this litigation, by and through their respective attorneys, stipulate and agree to the following Protective Order to govern the handling of all materials and Confidential Information produced in this action ("Produced Material") by any party or any non-party (the "Producing Party"). Produced Material includes, but is not limited to, documents (including electronically-stored information) and things produced pursuant to a request for production of documents or subpoena duces tecum, testimony upon written questions, testimony adduced at depositions upon oral examination and transcripts, videotapes, and exhibits thereof, discovery requests and written responses thereto pursuant to an interrogatory or request to admit; and discoverable materials derived from any of the foregoing.

1. <u>Definitions.</u>

　　　**(a)**　<u>Confidential Information</u>. The term "Confidential Information" shall mean and include information, documents, and things the Producing Party believes in good faith is not generally known to others, and which the Producing Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, and which constitute a trade secret, confidential research, competitive business information, or commercial information, or (ii) is protected by a right to privacy under federal or state law or any other

applicable privilege or right related to confidentiality or privacy.

**(b)** Materials. The term "materials" shall include, but shall not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matters identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; test data; software; hardware; electronically stored information; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

**(c)** Outside Counsel. The term "Outside Counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed by outside counsel of record.

**(d)** Outside Consultant. The term "Outside Consultant" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by Outside Counsel or a Party to serve as an expert witness, or as a consultant in this action, and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of a Party.

**(e)** In-house Counsel. The term "In-house Counsel" shall mean persons for each Party (i) that are attorneys or members of the legal staff of the Party or its affiliates (or any initially named Party to this action), (ii) that are employed by the Party or its affiliates (or any initially named Party to this action), and (iii) as part of that employment are required to participate in policy decisions with reference to this action.

2. Scope of Protective Order.

**(a)** This Protective Order shall govern Confidential Information that is, directly or indirectly, set forth, revealed, produced, or provided: (i) in discovery requests promulgated under the Nebraska Rules of Civil Procedure, as well as and responses thereto; (ii) in any documents (including electronically-stored information), things, or premises produced pursuant to, or made available for inspection in response to, a discovery request or subpoena under the Nebraska Rules of Civil Procedure; (iii) during depositions upon oral or written examination under the Nebraska

Rules of Civil Procedure; (iv) in connection with any other discovery taken in this action, whether pursuant to the Nebraska Rules of Civil Procedure, informally, or by agreement; (v) in correspondence (including attachments and enclosures) relating to this litigation; (vi) in submissions to or before the Court, including testimony, briefs, exhibits and declarations; (vii) in response to any Order of the Court; and (viii) in connection with any mediation or settlement negotiation. This Protective Order shall also govern the handling of documents, and all other forms of recorded information, containing or derived from the information in any Confidential Information. This Protective Order also shall govern any oral or written conveyance of the contents of Confidential Information. This Protective Order also shall apply to (i) Confidential Information inadvertently or unintentionally produced without designation consistent with the provisions set forth in Paragraph 11 and (ii) inadvertently or unintentionally produced privileged information consistent with the provisions set forth in Paragraph 12.

**(b)** This Protective Order has no effect upon, and shall not apply to, (i) any Producing Party's use of its own Confidential Information for any purpose; (ii) any person or Party's use of documents or other information developed or obtained independently of discovery in this litigation for any purpose, whether or not such documents or other information also were produced in this litigation; (iii) information that is or becomes part of the public domain through no breach of the provisions of this Protective Order; or (iv) information that is disclosed by a party without restriction as to disclosure, provided such party has the right to make the disclosure.

**(c)** The terms of this protective order are not intended to be construed as precluding, limiting, restricting, or otherwise applying to the use of documents or information by any party at court proceedings as evidence, or otherwise in support of the merits of party's case in defense, motion, or relevant matter in the court proceedings as outlined in Paragraph 6(f) herein as subject to the applicable rules of civil procedure and rules of discovery.

3. <u>Designations.</u>

Each party that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the Producing Party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL."

**(a)** "CONFIDENTIAL". Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the party has not

already made the information publicly known and the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

**(b)** In the event that additional designations for Confidential Information are needed, the Parties agree that this Protective Order may be modified to incorporate any such needed additional designations. The scope of any such additional designations, and the associated restrictions on access to information subject to any such additional designations, will be agreed upon by the Parties as needed in accordance with Paragraph 17.

4. <u>Designation of Confidential Information.</u>

The designation of any information as Confidential Information for purposes of this Protective Order shall be made in the following manner:

**(a)** Hard Copy/Written Material. With regard to any hard copy/written material (including transcripts of depositions or other testimony and discovery requests and responses), a legend containing "CONFIDENTIAL" shall be affixed to each page containing Confidential Information.

**(b)** Electronically-Stored Information. With regard to any electronically-stored information produced, a legend "CONFIDENTIAL" shall be included on each image, page, or document containing any Confidential Information to the extent practicable. Where it is not practicable to include a legend on each image, page or document, an appropriate legend shall be affixed to the CD or other media on which the Producing Party produces the electronically-stored information. Any printout made from the CD or other media shall be immediately and conspicuously marked "CONFIDENTIAL" consistent with the legend affixed to the CD or other media, and also with a unique page identifier.

**(c)** Materials, Things, and Premises Produced for Inspection. When files and records are produced for inspection, no legend need be affixed in advance of the inspection. For purposes of the initial inspection, all Produced Material shall be preliminarily considered designated as "CONFIDENTIAL," and shall be disclosed at the inspection by the Producing Party. Thereafter, upon a selection of specified documents for copying by the inspecting Party, a legend in the form set forth in Paragraph 4(a) shall be affixed to each page actually containing Confidential Information.

**(d)** Deposition Procedures. Whenever a deposition taken on behalf of any Party involves a disclosure of Confidential Information of any Party:

(i) Deposition transcripts or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Protective Order; such designation shall be made on the record wherever possible, but a Producing Party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a Producing Party shall have until thirty (30) days after receipt of the deposition transcript to inform the other Party or Parties to the action of the portions of the transcript designated "CONFIDENTIAL"; until thirty (30) days after the Producing Party's receipt of the deposition transcript, the transcript shall be treated as "CONFIDENTIAL" pursuant to the provisions of this Protective Order;

(ii) The Producing Party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Outside Counsel, the court reporter, a party, and Outside Consultants who are permitted access to the Confidential Information by this Protective Order; and

(iii) The originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" and the original or any copy ultimately presented to a court for filing shall not be filed unless it can be accomplished under seal, identified as being subject to this Protective Order, and protected from being opened except by order of this Court.

5. <u>Challenges to Designations of Confidential Information.</u>

At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality shall notify, in writing, counsel for the Producing Party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually within five (5) business days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The party designating materials as confidential shall have the burden to show that the designation of materials as Confidential Information is appropriate. The materials at issue shall be treated as Confidential Information, as designated by the Producing Party, until the Court has ruled on the objection or the matter has been otherwise resolved.

6. <u>Disclosure and Use of Confidential Information.</u>

Confidential Information shall be used solely for the purpose of this litigation and not for any other purpose and disclosed only to those persons identified in this Paragraph.

**(a)** "CONFIDENTIAL". Information designated "CONFIDENTIAL" shall be

viewed only by Outside Counsel of the receiving Party, the receiving Party, by Outside Consultants (pursuant to the terms of Paragraph 7), and by the additional individuals listed below:

(i) Employees or executives of the Parties (including necessary secretarial staff) who participate in decisions with reference to this action;

(ii) Attorneys or members of the legal staff of the Parties involved in this action, including those defined herein as In-house Counsel;

(iii) Litigation vendors retained for the purpose of outside photocopying, imaging, database, graphics, translation, and design services retained by the Outside Counsel, to the extent necessary to assist such counsel in this litigation, a representative of which has signed the Acknowledgment and Agreement to Be Bound attached hereto as Exhibit A;

(iv) Stenographic and videotape court reporters engaged in proceedings incident to preparation for deposition or trial;

(v) Court personnel involved with this litigation, including but not limited to the judge, the jury, or other trier of fact; and Stenographic and clerical employees associated with the individuals identified above;

(vi) Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the undertaking attached hereto as Exhibit A; and

(vii) Professional jury or trial consultants and their staff retained in connection with this litigation, a representative of which has signed the undertaking attached hereto as Exhibit A, and mock jurors retained by such consultants to assist them in their work.

**(d)** Drafters and Recipients. With respect to material designated "CONFIDENTIAL," any person indicated on the face of the document to be its originator, author, a recipient of a copy thereof, or shown to previously have had access to the document may be shown the same.

**(e)** Custody of Produced Materials. All information which has been designated as "CONFIDENTIAL" by the Producing Party, and any and all reproductions thereof, shall be retained in the custody of the Outside Counsel for the receiving Party identified in Paragraph 1, except that Outside Consultants authorized to view such information under the terms of this Protective Order may retain custody of copies such as are necessary for their participation in this litigation.

**(f)** The terms of this protective order do not preclude, limit, restrict, or

otherwise apply to the use of documents or information at court proceedings. Subject to the Federal Rules of Evidence, a confidential document or information may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the confidential document as may be required by a scheduling or other order. Any party may move the Court for an order that the confidential document be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protection(s) may be afforded to such information at the trial or hearing.

7. Access by Outside Consultants.

**(a)** All proposed Outside Consultants may receive Confidential Information only after the following conditions have been satisfied: (i) the proposed recipient has executed the Acknowledgment and Agreement to Be Bound attached hereto as Exhibit A.

**(b)** The administrative and clerical staff of an Outside Consultant identified pursuant to Paragraph 7 shall be deemed to have signed the Acknowledgment and Agreement to Be Bound in the form of Exhibit A when the Outside Consultant supervising such individuals has executed the undertaking.

8. Filing Restricted Documents.

Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Produced Material or other documents designated as Confidential Information. A Party that seeks to file any document containing or constituting any Protected Material must file the document as a "Restricted Document."

9. Maintenance of Confidential Information.

All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each Party, and each person receiving Confidential Information, shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.

10. Unauthorized Disclosure.

**(a)** If Confidential Information is disclosed to any person other than in a manner authorized by this Protective Order (an "Unauthorized Person"), the Party responsible for the

unauthorized disclosure, and any Party with knowledge of the unauthorized disclosure shall, immediately upon learning of such disclosure, inform the Producing Party of all pertinent facts relating to such disclosure including, without limitation, the identification of the Confidential Information disclosed and the Unauthorized Persons to whom the disclosure was made.

**(b)** The Party responsible for the unauthorized disclosure shall also promptly take all reasonable measures to recover the Confidential Information disclosed without authorization and to ensure that no further or greater unauthorized disclosure or use of such Confidential Information is made by doing the following, without limitation, (i) promptly informing the Unauthorized Person that the disclosed information contains Confidential Information and of the provisions of this Protective Order; (ii) requesting that the Unauthorized Person sign an Acknowledgment and Agreement to Be Bound in the form attached as Exhibit A (to be promptly provided to the Producing Party); and (iii) retrieving all copies of Confidential Information disclosed to the Unauthorized Person. The Producing Party and party that disclosed the Confidential Information shall cooperate in good faith in this effort.

**(c)** Any person found to have made an impermissible use of any Confidential Information will be subject to, without limitation, appropriate civil penalties, including contempt of court.

**(d)** No Party shall be responsible to another party for disclosure of Confidential Information under this Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Protective Order.

11. <u>Inadvertent Disclosure of Confidential Information.</u>

An inadvertent failure to designate qualified information, documents, or things as "CONFIDENTIAL" does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to designate, the Producing Party may give written notice to the receiving Party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Protective Order. Upon receipt of such notice, the receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s). If the receiving Party has disclosed the materials before receiving the designation, the receiving Party must notify the Producing Party in writing of each such disclosure. The Producing Party shall

provide substitute copies of documents bearing the inadvertently omitted confidentiality designation.

12. <u>Inadvertent Disclosure of Privileged or Protected Information.</u>

Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege, work-product privilege, or any other applicable privilege or immunity, if, after the Producing Party becomes aware of any such disclosure, the Producing Party designates any such documents as within the attorney-client privilege, work product privilege or any other applicable privilege or immunity, and requests in writing return of such documents to the Producing Party. Upon request by the Producing Party, the receiving Party shall immediately undertake to gather the original and all copies of the document(s), tangible thing(s), or information and shall immediately return or destroy the original and all such copies to the Producing Party, and shall provide the Producing Party with written certification that all copies of the document(s) have been returned or destroyed. The return or destruction of such document(s), tangible thing(s), or information to the Producing Party shall not preclude the receiving Party from later moving to compel production of the returned document(s), tangible thing(s), or information; provided, however, that such challenge shall not assert as a ground for challenge the fact of the initial production or inspection of the documents later designated as attorney-client privileged, work product, or subject to another applicable privilege or immunity.

13. <u>Termination of Access.</u>

**(a)** In the event that any person or Party ceases to be engaged in the conduct of this litigation, such person's or Party's access to any and all Confidential Information shall be terminated. In addition, all copies of Confidential Information shall be returned or destroyed consistent with the procedure in Paragraph 14 as soon as practicable, and no later than forty-five (45) calendar days, after such person or Party ceases to be engaged in the conduct of this litigation.

**(b)** The provisions of this Protective Order shall remain in full force and effect as to any person or Party who previously had access to any Confidential Information, except as may be specifically ordered by the Court or consented to by the Producing Party.

14. <u>Termination of Litigation.</u>

**(a)** Within sixty (60) days of final termination of this action, including any and all appeals, counsel for each Party shall certify to the other Parties that counsel and the Party that

counsel represents have destroyed or returned all Confidential Information to the party that produced the information (including any copies, excerpts, and summaries thereof and has purged all such information from all machine-readable media on which it resides), except that Outside Counsel of the receiving party may retain one archival copy of each such document, subject to the terms and conditions of this Order, to maintain a complete file of the litigation. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

**(b)** This Protective Order shall survive the termination of this action and the Court shall retain jurisdiction to enforce its terms and to make such amendments and modifications to this Protective Order as may be appropriate. Notwithstanding the foregoing, a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Protective Order.

15. <u>Limitations on Scope of Protective Order.</u>

**(a)** The restrictions and obligations set forth herein shall not apply to, (i) any Producing Party's use of its own Confidential Information for any purpose; (ii) any person or Party's use of documents or other information developed or obtained independently of discovery in this litigation for any purpose, whether or not such documents or other information also were produced in this litigation; (iii) information that is or becomes part of the public domain through no breach of the provisions of this Protective Order; or (iv) information that is disclosed by a party without restriction as to disclosure, provided such party has the right to make the disclosure.

**(b)** The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

**(c)** Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

**(d)** Nothing herein is intended to prohibit or restrict in any way a party's or its counsel's use or distribution of its own information.

**(e)** This Protective Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Protective Order shall not be used by any

party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

**(f)** Nothing in this Protective Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information.

**(g)** Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

**(h)** Testifying experts' draft reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes or outlines of draft reports that the testifying expert prepared in other cases be subject to discovery in this case.

**(i)** Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any consulting expert who does not testify, except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony or any opinion in this case, or as otherwise provided by Fed. R. Civ. P. 26(b)(4)(D).

**(j)** No conversations or communications between Outside Counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications relate to compensation for the expert's study or testimony, identify facts or dates that the party's attorney provided and the expert considered in formatting the opinions to be expressed, or identify assumptions that the party's attorney provided that the expert relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case.

**(k)** As set forth in Paragraph 6, the terms of this protective order do not preclude, limit, restrict, or otherwise apply to the use of documents or information at court proceedings.

16. Notice.

Transmission by e-mail or facsimile is acceptable for all notification purposes herein.

17. Modification of Protective Order.

**(a)** The Parties may agree to amend this Protective Order in the event that modifications become necessary during the course of the litigation. Any proposed modification requires the agreement of all Parties, and any of the Parties may move the Court to modify the Protective Order if an agreement on proposed modifications cannot be reached among all Parties.

**(b)** The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The Parties prefer that the Court provide them with notice of the Court's intent to modify the Protective Order and the content of those modifications, prior to entry of such an order.

18. <u>Jurisdiction of the Court.</u>

The Parties, all persons subject to discovery in these proceedings, and all persons who receive Confidential Information pursuant to this Protective Order, consent to and shall be subject to the jurisdiction of this Court in any proceeding relating to performance under, compliance with, or violation of this Protective Order. The Court hereby retains jurisdiction to interpret and enforce this Protective Order during the pendency of this action and following dismissal, if any, and further retains jurisdiction to modify, amend or make additions to this Protective Order as it may from time to time deem appropriate.

DATED this 19th day of April, 2019.

BY THE COURT:

s/ Susan M. Bazis
U.S. Magistrate Judge

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,[print or type full name], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nebraska in the case of Seth Navratil v. Menard, Inc., case no: 8:19-CV-00009. I agree to comply with and to be bound by all terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____